UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ABDEPADIME AIT ARRAMI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. GOVERNMENT, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 22-11233-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                   **October 11, 2022**

For the reasons stated below the Court denies without prejudice plaintiff's motion for leave to proceed *in forma pauperis*. If plaintiff wishes to proceed with this action, the Court grants him time to (1) either pay the filing fee or resubmit a renewed motion for leave to proceed *in forma pauperis*; and (2) file an amended complaint.

**I.      Background**

On July 29, 2022, Abdepadime Ait Arrami ("Arrami"), a resident of Louisville, Kentucky, and citizen of Morocco, initiated this action by filing a *pro se* complaint. D. 1. With the complaint, Arrami filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*). D. 2. The matter is now before this session of the Court. See D. 4-5.

In the complaint, the case caption identifies the defendants as the "government, UPS, Amazon. D. 1. In the body of the complaint, the defendants are identified as follows: (1) "government," (2) UPS in Louisville, Kentucky, and (3) Amazon Fulfillment Center in Chelsea,

Massachusetts. Id. at ¶ I(B). Arrami checked the box indicating "diversity of citizenship" as the basis for jurisdiction. Id. at ¶ II. Arrami provides a residential address in Louisville, Kentucky, id. at ¶ I(A), and states that he is a citizen of Morocco. Id. at ¶ II(B)(1). The amount in controversy is more than $75,000. Id. at p. 4.

As to UPS, Arrami complains of "discrimination" based upon a "false offer of employment." Id. at p. 4. As to the government, Arrami alleges that he "lost any right [to] privacy and [was] assaulted at the airport and other places, spied on, had his information published to the public which resulted in endless [verbal] assault." Id. at p. 7. As to Defendant Amazon Fulfillment Center, Arrami alleges that he was subjected to "discrimination and psychological abuse" while working for Amazon. Id. at p. 10. The complaint is signed, but not dated. Id. at ¶ V (certification and closing).

## II.     In Forma Pauperis

The Court may authorize the commencement of a lawsuit without prepayment of the filing fee where a plaintiff shows that he is without out assets to pay the fee. See 28 U.S.C. § 1915(a)(1). "In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting Williams v. Spencer, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

In response to Question 3 on the application, Arrami indicates that he received income from business, profession or other self-employment. He, however, failed to identify the amount of money he received during the past twelve months, the source of such money and what he expects to receive in the future. Although Arrami's application is incomplete and does not provide the Court with an adequate understanding of his financial situation, his application discloses that he

has sufficient funds to pay the $402 filing fee. Accordingly, the Court denies Arrami's motion for leave to proceed *in forma pauperis*.

### III.    Discussion

Because Arrami is proceeding *pro se*, the Court construes his complaint generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Although the Court will provide Arrami with additional time either to pay the filing fee or file a renewed application, he is advised that his complaint is subject to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

On the face of the complaint, Arrami claims diversity jurisdiction pursuant to 28 U.S.C. § 1332. "The burden of establishing federal diversity jurisdiction rests on . . . the party invoking federal jurisdiction." Carrozza v. CVS Pharm., Inc., 992 F.3d 44, 51 (1st Cir. 2021). "Diversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on the other hand." Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332(a)). Section 1332(a)(2) provides that the federal court may have jurisdiction over cases involving "citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States" and that their State of domicile establishes their place of citizenship. See 28 U.S.C. § 1332(a)(2). Section 1332(a)(3) provides that the federal court may have jurisdiction over cases involving "citizens of different States and in which citizens or subjects of a foreign state are additional parties." See 28 U.S.C. § 1332(a)(3). Finally, for the purpose of diversity jurisdiction,

corporations are deemed to be citizens of both their state of incorporation and the state in which their principal place of business is located. See 28 U.S.C. § 1332(c)(1).

Here, Arrami avers that he resides in Louisville, Kentucky. To the extent that Arrami is a domiciled[1] in Kentucky, complete diversity does not exist because one of the defendants, UPS, is alleged to be a citizen of Kentucky. Accordingly, at least on this basis, the complaint does not provide a basis for this Court's subject matter jurisdiction on diversity grounds. The complaint also does not provide a sufficient basis for federal question jurisdiction, which would be an alternative basis for subject matter jurisdiction.

Since Arrami is proceeding *pro se*, the complaint shall be subject to screening under 28 U.S.C. § 1915(e)(2) if the complaint fails to state a claim on which relief may be granted. Since the complaint, in its present form, does provide a basis for subject matter jurisdiction, the Court has not proceeded at this juncture to determine if the complaint also fails to state a claim upon which relief may be granted. Any amended pleading, that asserts a proper basis for subject matter jurisdiction, will also be subject to such screening.

### IV. Conclusion

For the foregoing reasons, it is hereby ORDERED:

1. The motion for leave to proceed *in forma pauperis* [D. 2] is denied.

2. Although it is unclear whether Arrami can remedy the jurisdictional deficiencies of this action, if he nonetheless wishes to proceed, he must by November 11, 2022 (1) either pay the $402 filing fee or resubmit a renewed motion for leave to proceed *in forma pauperis*; and (2) file

---

[1] "For purposes of diversity, a person is a citizen of the state in which he is domiciled." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992). A "domicile" is defined as "the place where [the person] has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." Id. (quotations and citations omitted).

an amended complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible claim for relief.  Failure to comply with this Order in the requisite time frame likely will result in the dismissal of this action.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge